DONALDSON, Judge,
dissenting.
I respectfully dissent. No matter how benevolent the intent, the extraordinary power of the government, acting through the judicial branch, to intrude into the parent-child relationship may be invoked only when clear and convincing evidence is presented compelling such action. Government intrusion cannot be based on speculation, conjecture, or value judgments regarding the relative worth of the parent. As we have previously explained, “a parent has a fundamental right to the custody, care, and control of his or her child and ... a parent and a child share a fundamental right to family integrity.... These rights are accorded strong constitutional protection against State interference.” M.E. v. Shelby Cty. Dep’t of Human Res., 972 So.2d 89, 102 (Ala.Civ.App.2007); see also J.C. v. State Dep’t of Human Res., 986 So.2d 1172, 1203 (Ala.Civ.App.2007)(Moore, J., concurring in the result)(“[T]he fundamental constitutional rights of the parents demand proof of dependency to assure that the parental relationship is not subjected to undue state interference.”). The erosion of fundamental rights appears to often begin with the best of intentions.
In a dependency proceeding, the evidence must clearly and convincingly establish that the child is dependent at the time of the disposition. See R.F.W. v. Cleburne Cty. Dep’t of Human Res., 70 So.3d 1270, 1272 (Ala.Civ.App.2011); see also K.B. v. Cleburne Cty. Dep’t of Human Res., 897 So.2d 379, 389 (Ala.Civ.App.2004) (Murdock, J., concurring in the result) (“[I]n order to make a disposition of a child in the context of a dependency proceeding, the child must in fact be dependent at the time of that disposition.”). In this case, the evidence indicated that the 36-year-old father had received mental-health treatment during his youth, possibly for depression and anxiety; that he had stopped receiving treatment between the ages of 18 and 21; and that he had not received treatment since that time because he felt his problems were under control. There is no evidence indicating that, at the time of the trial, the father was suffering from a mental condition that rendered him unwilling or unable to care for the child. Furthermore, there were only unsupported and unspecified “concerns” expressed by a counselor related to the first-time father’s ability to recognize age-appropriate behavior, his ability to understand the child’s unspecified medical condition, and his ability to transport the child to medical appointments that had not yet been scheduled. The record indicates that the child’s medical condition was still unknown at the time of the dependency hearing; that the parents had a plan in place to transport the child- to medical appointments; that the father knew how to hold, feed, and diaper the child; that the father could obtain age-specific information from the pediatrician; and that the father had been receiving counseling for parenting skills.
Dependency determinations are within the juvenile court’s realm of discretion only when there is substantial evidence in the record from which the juvenile court *1186 could be clearly convinced of the existence of dependency before the government usurps the parent-child relationship. When that evidence is not presented to the juvenile court, there is no discretion to be exercised and the dependency petition must be dismissed. K.C.G. v. S.J.R., 46 So.3d 499, 501-02 (Ala.Civ.App.2010). From my review of the record, the finding of dependency here was based on the child’s undetermined and unspecified medical condition and on a speculative assessment of the father’s potential strengths and weaknesses. No matter how laudable the intent, the evidence was insufficient to make a dependency finding. As such, the petition should have been dismissed, and I therefore respectfully dissent.